UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| JHC By his father and next friend: JOHN HARRISON CLARKE<br><br>*Plaintiff,*<br><br>v.<br><br>DISTRICT OF COLUMBIA GOVERNMENT<br><br>and<br><br>RICHARD TROGISCH, SILEAN EAVES, NEALIS ERVIN,<br><br>and<br><br>JANE DOE,<br><br>*Defendants.* | Civil Action No. 20-cv-01761 (CRC) |

JOINT STATUS REPORT

In accordance with the Court's September 9, 2020 Minute Order, Plaintiff JHC and Counsel for Defendants District of Columbia, Richard Trogisch, Silean Eaves, and Nealis Ervin conferred telephonically on September 10, 2020 regarding Federal Rule of Civil Procedure ("FRCP") 26(f), and Local Civil Rule ("LCvR") 16.3. The parties submit this joint report memorializing matters discussed, together with a brief statement of the case and the statutory basis for all causes of action and defenses.

I.   STATEMENT OF THE CASE

   A. Plaintiff's Position

Plaintiff alleges that defendant Irvin mistakenly believed that three of her 8th grade students had espoused racist rhetoric, and threatened them, including "knock your teeth out,"

"slap sense into you," and "make sure you never hold a pencil again." Upon complaint to the administration, defendant Principal Trogisch directed plaintiff and two other students to submit written accounts of these events the next morning, February 7, 2020.

The students complied, whereupon defendants Trogisch and Assistant Principal Eaves conducted separate, hours-long, surprise interrogations, wherein they accused all three whistleblowers of the very racist misconduct that defendant Irvin had perceived, even while knowing that all such allegations were frivolous.

Defendant Trogisch announced his intention to expel plaintiff. Plaintiff asked DCPS for an independent review of the matter. On April 29, 2020, DCPS issued ten *Findings of Fact*, based on what it describes "valid and reliable claims" that plaintiff had espoused racist rhetoric, notwithstanding that, in plaintiff's view, all allegations are patently false.

Plaintiff claims that defendants sought to (i) undermine and neutralize the students' accounts of teacher misconduct as untrue and having been motivated by racial animus, (ii) deflect attention away from the teacher's threats of physical harm, and (iii) retaliate against the three for their written accounts of what events had occurred.

Under 42 U.S.C. § 1983, plaintiff seeks compensatory damages against all defendants and punitive damages against the three individual defendants, for violation of the First, Fifth, and Fourteenth Amendments to the United States Constitution. He also seeks the Court's issuance *Findings of Fact and Conclusions of Law* under the Declaratory Judgment Act, 28 U.S.C. §§ 2201(a), invalidating DCPS's *Findings of Fact* that are void for vagueness, and, for the charges that survive that scrutiny, exonerating plaintiff of the charges levelled against him.

**B. Defendants' District of Columbia, Richard Trogisch, Silean Eaves and Nealis Ervin's and Position**

This matter involves two separate yet related complaints including how they were

addressed by DCPS personnel. First, there was a complaint by a DCPS parent of alleged improper racist comments by JHC towards another student that prompted an investigation. Second, there were also complaints by JHC and two other students of alleged improper behavior by a teacher, Defendant Nealis Ervin. DCPS conducted an investigation into the student comments through its Comprehensive Alternative Resolution and Equity Team or CARE Team.

Defendants dispute Plaintiff's claims as to liability and damages.

## II.     LCvR 16.3 (c)

**1) Whether the case is likely to be disposed of by dispositive motion; and whether, if a dispositive motion has already been filed, the parties should recommend to the Court that discovery or other matters should await a decision on the motion.**

There are no pending dispositive motions. Defendants anticipate they will likely file a dispositive motion after the close of discovery, which may resolve issues in part or in their entirety.

**2) The date by which any other parties shall be joined or the pleadings amended, and whether some or all the factual and legal issues can be agreed upon or narrowed.**

Plaintiff's Motion for Leave to File Amended Complaint is submitted herewith. Defendants do not consent to adding DCPS as a defendant. DCPS is a sui juris agency of the District of Columbia and lacks the capacity to be sued. Defendants take no position with regard the remaining amendments, but may file a motion to dismiss some or all of the claims if this court accepts the amended complaint.

**3) Whether the case should be assigned to a magistrate judge for all purposes, including trial.**

The parties do not consent to this matter being assigned to a magistrate judge for most purposes, including trial. However, Defendant believes a magistrate judge could be helpful to resolve discovery disputes.

4) **Whether there is a realistic possibility of settling the case.**

Plaintiff believes that there is a realistic possibility of settlement. Defendants are open to settlement in this case but do not believe ADR will be helpful until the court has ruled on dispositive motions.

5) **Whether the case could benefit from the Court's alternative dispute resolution (ADR) procedures (or some other form of ADR); what related steps should be taken to facilitate such ADR; and whether counsel have discussed ADR and their response to this provision with their clients.**

Plaintiff believes that the case could benefit from the Court's alternative dispute resolution (ADR) procedures, including a neutral evaluation of the case. Defendants are open to the Court's ADR procedures, but do not believe it will be helpful until after the Court rules on dispositive motions.

6) **Whether the case can be resolved by summary judgment or motion to dismiss; dates for filing dispositive motions and/or cross-motions, oppositions, and replies; and proposed dates for a decision on the motions.**

Defendants anticipate that they will likely file a dispositive motion after close of discovery. Defendants recommend the Court set a post-discovery status conference, at which time the parties may propose a summary judgment briefing schedule or advise the Court as to whether they wish to be referred to ADR.

7) **Whether the parties should stipulate to dispense with the initial disclosures required by Fed. R. Civ. P. 26(a)(1), and if not, what if any changes should be made in the scope, form or timing of those disclosures.**

The parties do not believe that the scope, form, or timing of initial disclosures required by Fed. R. Civ. P. 26(a)(1) should be changed.

8) **The anticipated extent of discovery, how long discovery should take, what limits should be placed on discovery; whether a protective order is appropriate; and a date for the completion of all discovery, including answers to interrogatories, document production, requests for admissions, and depositions.**

Interrogatories to all defendants were served with the Complaint, and a Request for Production of Documents to defendant District of Columbia. Plaintiff anticipates that little, if any, further discovery will be necessary. He seeks defendants' responses to discovery in 30 days from the initial scheduling conference, by October 15, 2020. Plaintiff suggests the close of discovery in 90 days, December 15.

Defendants agree to respond to Plaintiff's discovery requests within 30 days of the initial scheduling conference or by October 15, 2020.  Defendants propose the following schedule:

    a) Motion to Add Parties or Amend Pleadings:    September 15, 2020

    b) FRCP 26(a)(1) Initial Disclosures:    September 29, 2020

    c) Proponent's Rule 26(a)(2) Statements:    December 4, 2020

    d) Opponent's Rule 26(a)(2) Statements:    January 8, 2021

    e) Close of Discovery:    March 5, 2021

Plaintiff does not see the possibility of expert testimony and does not agree with any deadlines for Rule 26(a)(2) statements. Plaintiff suggests that discovery be closed in 90 days.

Defendants propose that parties are limited to twenty-five (25) interrogatories, twenty-five (25) requests for documents, and ten (10) depositions (excluding expert depositions) per party and that any further requests for interrogatories, requests for documents or depositions will require a stipulation or leave of Court.

Should a protective order be appropriate, the parties will confer in good faith to agree on the terms of a draft protective order to propose to the Court.

9) **Any issues about disclosure, discovery, or preservation of electronically stored information, including the form or forms in which it should be produced.**

Plaintiff is unaware of any such issues. Defendants assert that Rule 26(b)(2)(B) shall

govern the limitations on discovery of electronically stored information.

10) **Any issues about claims of privilege or of protection as trial-preparation materials, including- if the parties agree on a procedure to assert these claims after production- whether to ask the court to include their agreement in an order under Federal Rule of Evidence 502.**

Plaintiff is unaware of any such issues. Defendants believe that a clawback agreement and order, whereby a party may request the return of inadvertently produced privileged information without waiving any privilege thereof, may be beneficial and will work with each other to include such an agreement in a protective order, if the parties deem one to be necessary in this case.

Defendants further expect plaintiff to include specific objections to the production of privileged material in response to any request and to detail any documents or information withheld as privileged in a privilege log that complies with Federal Rule of Civil Procedure 26(b)(5).

11) **Whether the requirement of exchange of expert witness reports and information pursuant to Fed. R. Civ. P. 26(a)(2), should be modified, and whether and when depositions of experts should occur.**

Plaintiff will proffer no expert testimony. Defendants propose that Proponents' expert disclosures under Rule 26(a)(2) shall be served on or before December 4, 2020, and Opponent's expert disclosures under Rule 26(a)(2) shall be served on or before January 8, 2020.  Depositions of experts shall be conducted at any time between the production of the expert's report and the March 5, 2021 discovery deadline. Plaintiff does not see the possibility of expert testimony and does not agree with any deadlines for Rule 26(a)(2) statements.

12) **In class actions, appropriate procedures for dealing with Rule 23, Fed .R. Civ. P. proceedings, including the need for discovery and the timing thereof, dates for filing a Rule 23 motion, and opposition and reply, and for oral argument and/or an evidentiary hearing on the motion and a proposed date for decision.**

Not applicable.

**13) Whether the trial and/or discovery should be bifurcated or managed in phases, and a specific proposal for such bifurcation.**

The parties do not believe the trial and/or discovery should be bifurcated at this time.

**14) The date for the pretrial conference (understanding that a trial will take place 30 to 60 days thereafter).**

Plaintiff suggests a pretrial date in December of 2020. Defendants request that a pretrial conference be scheduled after the Court's resolution of any Motion for Summary Judgment that may be filed in the case.

**15) Whether the Court should set a firm trial date at the first scheduling conference or should provide that a trial date will be set at the pretrial conference from 30 to 60 days after that conference.**

Plaintiff suggests that the Court should set a firm trial date at the first scheduling conference. Defendants propose that the trial date be set at the pretrial conference.

**16) Such other matters that the parties believe may be appropriate for inclusion in a scheduling order.**

The parties are unaware of any other matters that may be appropriate for inclusion in the scheduling order.

Date: September 11, 2020.

Respectfully submitted,

/s/ John H. Clarke
John H. Clarke Bar No. 388599
1629 K Street, NW
Suite 300
Washington, DC 20006
(202) 344-0776
john@johnhclarkelaw.com

*Attorney for Plaintiff*

KARL A. RACINE
Attorney General for the District of Columbia

CHAD COPELAND
Deputy Attorney General,
Civil Litigation Division

/s/ Michael K. Addo
MICHAEL K. ADDO [1008971]
Chief, Civil Litigation Division, Section IV

/s/ Akua D. Coppock
AKUA D. COPPOCK [1032665]
Assistant Attorney General
Office of the Attorney General
400 6th Street, N.W.,
Washington, DC 20001
Phone: (202) 724-6652
Fax: (202) 730-1888
Email: akua.coppock@dc.gov